OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Defendant was convicted of criminal possession of a weapon in the second and third degrees (Penal Law § 265.03 [2]; § 265.02 [4], respectively) and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]).
The court called 18 prospective jurors for the initial round of jury selection. Of those, seven were ultimately chosen to serve. Over the objection of both sides, the court then ordered one prospective juror at a time put into the box for questioning and challenges. Jury selection continued in this manner until the jury was completed. Defendant contends that this violated CPL 270.15 (3) and that at least five jurors should have been placed in the box.
CPL 270.15 (3) states in relevant part, “The court may thereupon direct that the persons excluded be replaced in the jury box by an equal number from the panel or, in its discretion, direct that all sworn jurors be removed from the jury box and that the jury box be occupied by such additional number of persons from the panel as the court shall direct.” This section gives the court discretion in the number of prospective jurors placed in the jury box following completion of the first round. Indeed, as this Court made clear in People v Alston, the trial court has discretion to “remove sworn jurors and fill the box with any number of jurors that it chooses.” (88 NY2d 519, 524 [1996].) While the trial court’s procedure was not unlawful, it may have needlessly prolonged jury selection, and should not be followed.
Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
Order affirmed in a memorandum.